Larry W. Lee (State Bar No. 228175)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class
[Additional Counsel on Next Page]

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENNIFER MANZO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MCDONALD'S RESTAURANTS OF CALIFORNIA INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE § 226; and**<br><br>(2) **VIOLATION OF LABOR CODE § 2698, *ET SEQ.*** |

Edward W. Choi, Esq. SBN 211334
**LAW OFFICES OF CHOI & ASSOCIATES**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885
Email: edward.choi@choiandassociates.com

WILLIAM L. MARDER, ESQ. (CBN 170131)
bill@polarislawgroup.com
Polaris Law Group LLP
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Plaintiff GENNIFER MANZO ("Plaintiff") hereby submits this Class Action Complaint against Defendants MCDONALD'S RESTAURANTS OF CALIFORNIA INC., a corporation ("Defendant" or the "Company"), and Does 1-50 (hereinafter collectively referred to as "Defendants"), individually and on behalf of a class of all other similarly situated current and former employees of Defendants for penalties and/or damages for failure to provide accurate itemized wage statements as follows:

## INTRODUCTION

1. This class action is within the Court's jurisdiction under the Class Action Fairness Act (the "CAFA"), 28 U.S.C. § 1332(d), in that Plaintiff is informed and believes and based thereon alleges that this class action involves a dispute between citizens of different states and the amount in controversy exceeds $5 million. Specifically, Plaintiff is a citizen of the State of California and Defendant is an Illinois citizen in that it is headquartered and has its nerve center in Chicago, Illinois.

2. This Complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against employees of Defendants.

3. Plaintiff is informed and believes and based thereon alleges that Defendants jointly and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees by failing to provide accurate itemized wage statements to these employees.

4. Plaintiff is informed and believes and based thereon alleges that Defendants have engaged in, among other things a system of knowing and intentional violations of the California Labor Code.

## JURISDICTION AND VENUE

5. As alleged above, the Court has jurisdiction over the violations of the California Labor Code § 226, pursuant to the CAFA.

6. Venue is proper in Eastern District because Plaintiff worked for Defendant in Fresno County, which is in the Eastern District.

## PARTIES

7. Plaintiff began employment with Defendant in or around August 2014. Plaintiff remains employed with Defendant. Plaintiff worked for Defendant at a restaurant in Clovis, California. Throughout Plaintiff's employment, she worked as a non-exempt shift manager. Plaintiff was and is a victim of the policies, practices, and customs of Defendants complained of in this action in ways that have deprived Plaintiff of the rights guaranteed by California Labor Code § 226.

8. Plaintiff is informed and believes and based thereon alleges that Defendant was and is a corporation doing business in the State of California. Plaintiff is informed and believes and based thereon alleges Defendant operates McDonald's restaurants throughout the State of California.

9. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendant and DOES 1 through 50 are and were business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

10. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code § 226.

11. Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

12. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and

CLASS ACTION COMPLAINT FOR DAMAGES

furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

13. Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

14. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

15. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

16. **Definition:** The named individual Plaintiff seeks class certification, pursuant to FRCP 23, of the following classes:

    a. All of Defendant's past and present non-exempt California employees who worked for Defendant were paid any overtime

wages at any time from April 6, 2019, through the present. (the "Overtime Class");

b. All of Defendant's past and present non-exempt California employees who worked for Defendant were paid any MQI True Up wages at any time from April 6, 2019, through the present. (the "True Up Class").

17. **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes and based thereon alleges that Defendants failed to provide accurate itemized wage statements in violation of Labor Code § 226.

18. **Adequacy of Representation**: The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California courts.

19. Defendants uniformly administered a corporate policy, practice of failing to provide accurate itemized wage statements in violation of Labor Code § 226 for Plaintiff and the Class.

20. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants failing to provide accurate itemized wage statements in violation of Labor Code § 226 for Plaintiff and the Class.

21. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harm alleged in this Complaint in a similar and typical manner as the Class members. Plaintiff is a victim of Defendant's

violation Labor Code § 226.  First, whenever overtime wages were paid to Plaintiff and Class Members, the wage statements did not identify the overtime rate as 1.5 times the regular rate of pay. Rather, the overtime rates appeared as one-half (0.5) the base hourly rate of pay. Second, whenever "MQI True Up" wages were paid to Plaintiff and Class Members, the wage statements failed to identify the correct rates of pay and applicable number of hours for such wages. While such payments were overtime wage payments, the wage statements do not identify what applicable rates and hours were applied to such payments.  As such, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code § 226.

22. The California Labor Code and upon which Plaintiff bases these claims is broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

23. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Requiring each Class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

24. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications

with respect to individual Class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests.  Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

25. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for unpaid overtime, including interest thereon, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226 and Code of Civil Procedure § 1021.5.

26. Proof of a common business practice or factual pattern, which the named Plaintiff experienced and are representative of, will establish the right of each of the members of the Class to recovery on the causes of action alleged herein.

27. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants.  The Class is commonly entitled to restitution of those funds being improperly withheld by Defendants.  This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION
## VIOLATION OF LABOR CODE § 226
## (AGAINST ALL DEFENDANTS BY PLAINTIFF AND THE CLASS)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. Defendants failed in their affirmative obligation to provide accurate

itemized wage statements.  Labor Code § 226 requires that an employer provide an itemized wage statement every time wages are paid to an employee.  Here, Defendants violated Labor Code § 226 in two respects.  First, whenever overtime wages were paid to Plaintiff and Class Members, the wage statements did not identify the overtime rate as 1.5 times the regular rate of pay. Rather, the overtime rates appeared as one-half (0.5) the base hourly rate of pay. Second, whenever "MQI True Up" wages were paid to Plaintiff and Class Members, the wage statements failed to identify the correct rates of pay and applicable number of hours for such wages. While such payments were overtime wage payments, the wage statements do not identify what applicable rates and hours were applied to such payments.

30. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class identified herein, in a civil action, for all damages or penalties pursuant to Labor Code § 226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## SECOND CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 2698, *ET SEQ.*

## (BY PLAINTIFF AS PROXY FOR STATE OF CALIFORNIA AGAINST ALL DEFENDANTS)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff brings this cause of action as a proxy for the State of California on behalf of all similarly aggrieved employees pursuant to the Private Attorneys General Act (the "PAGA"), Labor Code § 2698, *et seq.*, and in this capacity seeks penalties on behalf of the State and all similarly aggrieved employees for the time period of April 6, 2019, through the present for Defendants' violations of Labor Code § 226(a) as alleged herein.  Again, Defendants violated Labor Code § 226 in two respects.  First, whenever overtime wages were paid to Plaintiff and aggrieved non-exempt employees, the wage

statements did not identify the overtime rate as 1.5 times the regular rate of pay. Rather, the overtime rates appeared as one-half (0.5) the base hourly rate of pay. Second, whenever "MQI True Up" wages were paid to Plaintiff and aggrieved non-exempt employees, the wage statements failed to identify the correct rates of pay and applicable number of hours for such wages. While such payments were overtime wage payments, the wage statements do not identify what applicable rates and hours were applied to such payments.

33. On or about August 13, 2020, Plaintiff electronically submitted her written notice of Defendants' violations of Labor Code § 226(a) to the Labor Workforce Development Agency (the "LWDA") and to Defendants via certified mail. As of the date of this filing, the LWDA has not informed Plaintiff whether it intends to investigate the violations. Therefore, Plaintiff may proceed in this civil action and seek penalties, attorneys' fees and costs on behalf of the State and all similarly aggrieved employees pursuant to Labor Code §§ 226.3 and 2699.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment individually and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as the representative of the Class as described herein;
3. For an order appointing counsel for Plaintiff as Class counsel;
4. Upon the First Cause of Action, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;
5. Upon the Second Cause of Action, for penalties, costs and attorneys' fees as set forth in California Labor Code §§ 226.3 and 2699;
6. On all causes of action, for attorneys' fees and costs as provided by California Labor Code § 226 and Code of Civil Procedure § 1021.5; and
7. For such other and further relief as the Court may deem just and proper.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: August 19, 2020 | DIVERSITY LAW GROUP, P.C. |
| 3 | | |
| 4 | | By: /s/ Larry W. Lee |
| 5 | | Larry W. Lee<br>Attorneys for Plaintiff and the Class |

CLASS ACTION COMPLAINT FOR DAMAGES