UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNIFER MANZO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MCDONALD'S RESTAURANTS OF CALIFORNIA, INC., a corporation, AND DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.  1:20-cv-1175-HBK<br><br>ORDER DIRECTING PLAINTIFF TO SUPPLEMENT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>(Doc. No.  15) |

　　　　Pending before the Court is Plaintiff Gennifer Manzo's unopposed Motion for Preliminary Approval of Class Action and Private Attorneys General Act Settlement.  (Doc. No. 15).

　　　　In evaluating a class action settlement, a court must determine, *inter alia*, whether the plaintiff's claims are typical of those of the class and whether the plaintiff can adequately represent the class. Fed. R. Civ. P. 23(a)(3)-(4); *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). (*See also* Doc. No. 15 at 9).  The purpose of these requirements is to ensure that "the interest of the named representative aligns with the interests of the class."  *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1141 (9th Cir. 2016) (citation omitted).  Key to this inquiry is confirmation that the plaintiff is a member of the class.  *E.g., Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997) (class membership required for adequacy determination under Rule

23(a)(4)); *Campbell v. Facebook Inc.*, 315 F.R.D. 250, 263 (N.D. Cal. 2016) (citing *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)) (class membership required for adequacy determination under Rule 23(a)(3)).

The proposed settlement in this action applies to the following class members:

> (1) The "June 2, 2020 Settlement Subclass" consists of all California non-exempt employees who received wage statements that included daily, weekly, or seventh day premium overtime and/or MQI True Up wages at any time from June 2, 2020 through the Preliminary Approval Date ("June 2, 2020 Subclass Class Period") and who were subject to the class settlement reached in *Sanchez v. McDonald's Restaurants of Cal., Inc.*, Los Angeles County Superior Court Case No. BC499888.
>
> and
>
> (2) The "April 6, 2019 Settlement Subclass" consists of all California non-exempt employees who received wage statements that included daily, weekly, or seventh day premium overtime and/or MQI True Up wages at any time from April 6, 2019 through the Preliminary Approval Date ("April 6, 2019 Subclass Class Period"), and who were not subject to the class settlement reached in *Sanchez v. McDonald's Restaurants of Cal., Inc.*, Los Angeles County Superior Court Case No. BC499888.

(Doc. No. 15 at 4-5).

In support of her Motion for Preliminary Approval, Plaintiff states she was employed by Defendant from August 2014 to June 2020. (Doc. No. 15-6 at 3 ¶ 4). She does not state whether she was subject to the class settlement reached in *Sanchez v. McDonald's Restaurants of Cal., Inc.*, Los Angeles County Superior Court Case No. BC499888. (*See id.* at 3-4). Nor does she state whether she received a wage statement on or after June 2, 2020 or, if she was not a *Sanchez* class member, on or after April 6, 2019, that "included daily, weekly, or seventh day premium overtime and/or MQI True Up wages." (*See id.*). Thus, based on the current record, the Court is unable to determine whether Plaintiff is a member of the class.

When a settlement is reached before formal class certification, as occurred here, settlement approval requires a "higher standard of fairness" than that demanded by Rule 23 more generally. *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). This "more exacting review" of pre-certification settlements "is required to ensure that the class representatives and their counsel do not receive a

2

disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Rodriguez v. Danell Custom Harvesting, LLC*, 293 F. Supp. 3d 1117, 1131 (E.D. Cal. 2018) (internal quotations and citations omitted).

Rule 23 permits a court to award "reasonable attorney's fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Even when the parties have agreed on an amount, the court must award only reasonable attorney's fees. *In re Bluetooth Headset*, 654 F.3d 935, 941 (9th Cir. 2011); *see also Briseño v. Henderson*, 998 F.3d 1014 (9th Cir. 2021) (in both pre- and post-certification settlements, court must "examine whether the attorneys' fees arrangement shortchanges the class"). The "fundamental principle" is that fee awards out of common funds must be "reasonable under the circumstances." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994) (quoting *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990)).

Under a percentage-of-the fund calculation, 25% of a common fund is the benchmark for an attorneys' fees award. *See*, *e.g.*, *In re Bluetooth Headset*, 654 F.3d at 942. However, "courts may adjust this figure upwards or downwards if the record shows special circumstances justifying a departure." *Ontiveros v. Zamora*, 303 F.R.D. 356, 372 (E.D. Cal. 2014) (internal quotation marks omitted) (citing *id.*). Courts generally conduct a lodestar cross-check in evaluating the reasonableness of a percentage recovery of a common fund. *See In re Bluetooth Headset*, 654 F.3d at 942 (district courts are encouraged to cross-check the two fee-calculation methods against one another).

Plaintiff's counsel requests an attorney's fees award of 33% and costs of up to $30,000. (Doc. No. 15 at 34-35 § G). Circumstances justifying these amounts "are not readily apparent to the Court" given that this action was settled within a year of filing, without formal discovery, and without any motion practice. *See Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 458 (E.D. Cal. 2013) (when case settled within a year of filing, without formal discovery, and without any motion practice, rejecting 33% request in favor of 25% at preliminary approval, and noting possibility of departure at final approval). Plaintiff's counsel provides no factual detail regarding the work performed and no estimates of the lodestar. As such, the Court cannot make even a

3

rough cross-check and is unable to fairly evaluate Plaintiff's request for attorney's fees and costs. *See Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 667–69 (E.D. Cal. 2008).

Plaintiff cites various cases that ultimately awarded fee awards at or in excess of the percentage requested here. Even a brief review of the cases cited, however, provides ample information to distinguish them from the present one. In *Wren*, for example, plaintiff filed an amended consolidated complaint, successfully moved to conditionally certify FLSA opt-in classes and opposed decertification, moved for class certification, opposed summary judgment, and attended two mediation sessions. *Wren v. RGIS Inventory Specialists,* 2011 WL 1230826, at *1-4 (N.D. Cal. Apr. 1, 2011). Likewise, in *Boyd*, plaintiff filed two amended complaints, an FLSA notice motion, and a class certification motion. *Boyd v. Bank of Am. Corp.*, 2014 WL 6473804, at *1-2, (C.D. Cal. No. 18, 2014). In *Stuart*, plaintiff obtained class certification, "filed various briefs relating to potential defenses," and made initial submissions in the run up to trial. *Stuart v. Radioshack Corp.*, 2010 WL 3155645 at *1 (N.D. Cal. Aug. 9, 2010). Thus, the mere fact that in other wage and hour cases courts have awarded upwards of 33% of the fund as attorney's fees does not provide sufficient support for Plaintiff's request, even at this stage.

Lastly, at preliminary approval the Court must consider whether the settlement "improperly grant[s] preferential treatment to class representatives or segments of the class." *Rodriguez*, 293 F.Supp.3d at 1132 (citations omitted). Here, Plaintiff requests an incentive award of up to $10,000. (Doc. No. 15 at 32 § F). Again, given the short duration of this case and lack of formal discovery, the grounds for this request are not readily apparent. *See id.* at 1134 (where plaintiffs requesting $7,500 awards stated they took personal risk in serving as representative and each devoted approximately 50 to 60 hours to action, court found $3,500 reasonable at preliminary approval). Though Plaintiff cites cases in which courts made comparable incentive awards, her request is unsupported by factual detail regarding her contributions to this action. (*See* Doc. No. 15-6 at 3-4 ¶¶ 7-9).

Plaintiff has indicated that she intends to provide further factual support and briefing regarding attorney's fees, costs, and the incentive award in advance of final approval. (Doc. Nos. 15 at 19; 15-6 at 4 ¶ 9). However, the Court finds that in the interest of efficiency, prompt

4

supplemental evidentiary submissions addressing each of the issues identified here are appropriate.

Accordingly, it is **ORDERED**:

1. Within 14 days of the date of this order, Plaintiff shall submit additional evidence clarifying Plaintiff's class member status.
2. Within 14 days of the date of this order, Plaintiff shall file supplemental evidence in support of the request for attorney's fees and costs. This supplemental evidence may, but is not required to, include attorney billing records.
3. Within 14 days of the date of this order, Plaintiff shall file supplemental evidence in support of the request for the incentive award to Plaintiff.

Dated: December 16, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

5