Larry W. Lee (State Bar No. 228175)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile
lwlee@diversitylaw.com

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, California 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class
[Additional Counsel on Next Page]

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNIFER MANZO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MCDONALD'S RESTAURANTS OF CALIFORNIA INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 1:20-cv-01175-HBK<br><br>**PLAINTIFF'S NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:         February 16, 2022<br>Time:         2:00 p.m.<br>Courtroom:    Yosemite Courthouse<br>Magistrate Judge: Hon. Helena M. Barch-Kuchta |

Edward W. Choi, Esq. SBN 211334
**LAW OFFICES OF CHOI & ASSOCIATES**
515 S. Figueroa St., Suite 1250
Los Angeles, CA 90071
Telephone: (213) 381-1515
Facsimile: (213) 465-4885
Email: edward.choi@choiandassociates.com

WILLIAM L. MARDER, ESQ. (CBN 170131)
bill@polarislawgroup.com
**POLARIS LAW GROUP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 16, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 1, of the United States District Court for the Eastern District of California, Yosemite Federal Courthouse located at 9004 Castle Cliffs Ct, Yosemite Valley, CA 95389, Plaintiff Gennifer Manzo ("Plaintiff") will and hereby does move the Court for a renewed motion for preliminary approval of the proposed Class Action Settlement Agreement and Release and First Amendment to the Class Action Settlement Agreement and Release (collectively referred to as the "Agreement" or "Settlement"). Specifically, Plaintiff respectfully requests that the Court: (1) grant preliminary approval for the proposed class action settlement and approval of the Private Attorneys General Act ("PAGA") settlement as set forth in the Settlement; (2) grant certification of the proposed Classes, for settlement purposes only: (a) all California non-exempt employees who received wage statements that included daily, weekly, or seventh day premium overtime and/or MQI True Up wages at any time from June 2, 2020 through the Preliminary Approval Date ("June 2, 2020 Subclass Class Period") and who were subject to the class settlement reached in *Sanchez v. McDonald's Restaurants of Cal., Inc.*, Los Angeles County Superior Court Case No. BC499888 (the "June 2, 2020 Settlement Subclass"); and (b) all California non-exempt employees who received wage statements that included daily, weekly, or seventh day premium overtime and/or MQI True Up wages at any time from April 6, 2019 through the Preliminary Approval Date ("April 6, 2019 Subclass Class Period"), and who were not subject to the class settlement reached in *Sanchez v. McDonald's Restaurants of Cal., Inc.*, Los Angeles County Superior Court Case No. BC499888 (the "April 6, 2019 Settlement Subclass"); (3) authorize the mailing of the proposed Notice of Class Action and PAGA Settlement ("Class Notice"); and (4) schedule a "fairness hearing," i.e., a hearing on the final approval of the settlement.

Plaintiff makes this unopposed Motion on the grounds that the proposed Settlement is within the range of possible final approval and consistent with the standards for approval of class action settlements, and notice should, therefore, be provided to the Class. This Motion is based upon this Notice of Renewed Motion and Renewed Motion for Preliminary Approval of Class

3

**PLAINTIFF'S NOTICE OF RENEWED MOTION AND RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Action Settlement, Declaration of Larry W. Lee in Support of Renewed Motion for Preliminary Approval of Class Action and Private Attorneys General Act Settlement, the previously filed Motion for Preliminary Approval of Class Action Settlement (Doc. Nos. 15, 21), which this Court recently denied without prejudice in its January 12, 2022 Order ("Order"), any oral argument of counsel, the complete files and records in the above-captioned matter, and such additional matters as the Court may consider.

DATED:  January 18, 2022                    DIVERSITY LAW GROUP


                                            By:  /s/ Larry W. Lee
                                                 Larry W. Lee
                                            Attorneys for Plaintiff and the Class

Plaintiff Gennifer Manzo ("Plaintiff") hereby renews her previously filed Motion for Preliminary Approval of Class Action Settlement (Doc. Nos. 15, 21), which this Court recently denied without prejudice in its January 12, 2022 Order ("Order"). (Doc. No. 22). Specifically, the Court identified various items and issues in the Class Action Settlement Agreement and Release ("Settlement Agreement") and proposed Class Notice, which the Court requested the Parties to revise.

As such, and pursuant to this Court's Order, the Parties have revised the items this Court identified in its Order. Specifically, and as further discussed in more detail below, Plaintiff and Defendant McDonald's Restaurants of California, Inc. ("Defendant") (Plaintiff and Defendant shall collectively be referred to as the "Parties") have entered into an amendment to the Settlement Agreement ("Amendment"), which amends various terms of the Settlement Agreement that the Court addressed in its Order. Similarly, the Parties have also revised proposed Class Notice to address the issues identified in the Order. The Amendment is attached as Exhibit 1 to the concurrently filed Declaration of Larry W. Lee, and the revised proposed Class Notice is Exhibit A to the Amendment. A redline version of the revisions made to the proposed Class Notice is attached as Exhibit 2 to the concurrently filed Declaration of Larry W. Lee ("Lee Decl.").

Without reiterating what was previously set forth in Plaintiff's Motion for Preliminary Approval (Doc. No. 15) and Supplemental Brief in support thereof (Doc. No. 21), which Plaintiff incorporates by reference herein, Plaintiff seeks to renew said Motion for the following reasons.[1]

## I. THE AMENDMENT

The first issue identified by the Court's Order is the inadvertent clerical reference in Paragraph 3.1 of the Settlement Agreement to "Paragraphs 2.6.1 and 2.6.2." As reflected in the Amendment, such references have been amended to reflect "Paragraphs 2.23.1 and 2.23.2."

The second issue identified by the Court's Order is the allocation of the proportionate

---

[1] Concurrent with the filing of this Renewed Motion, Plaintiff has also uploaded the Amendment to the California Labor & Workforce Development Agency pursuant to California Labor Code § 2699. (Lee Decl. ¶ 3).

shares of each Settlement Class Member's individual settlement shares. It was and remains the Parties' intent that all Settlement Class Members be treated equally with one another as to their allocation of both the PAGA settlement amount as well as the class settlement amount. In light of the guidance provided in the Court's Order, the Parties have revised and amended Paragraphs 9.2 and 9.3 to clarify their proposed allocation methodology.

Because Class Members who opt out of the class settlement will remain allegedly aggrieved employees covered by the PAGA settlement, each Settlement Class Member's share of the portion of the settlement pertaining to PAGA does not come from the "Net Settlement Amount" but rather from the "PAGA Allocation" amount as specified in Paragraph 9.2, and each participating or Remaining Settlement Class Member's share of the portion of the *class* settlement will come from the "Net Settlement Amount." Thus, all amounts paid out to the Settlement Class Members for settlement of the PAGA claim will equal 100% of the PAGA Allocation amount, and all amounts paid out to the Remaining Settlement Class Members for settlement of the class claims will equal 100% of the Net Settlement Amount.

## II. THE REVISED PROPOSED CLASS NOTICE

As shown in the revised proposed Class Notice, the Parties have made the appropriate changes to the proposed Class Notice as raised in the Court's Order.

## III. THE NUMBER OF DAYS BETWEEN PRELIMINARY APPROVAL AND THE DATE OF THE FINAL APPROVAL HEARING

Should the Court grant preliminary approval, the Court has requested that Plaintiff provide the necessary number of days between the Court's anticipated issuance of the preliminary approval order and the date of the final approval hearing.

Based on the timelines set forth in the Settlement Agreement, Plaintiff believes that two hundred (200) calendar days will provide sufficient time between the Court's anticipated issuance of the preliminary approval order and the date of the final approval hearing. This will allow sufficient time for Defendant to provide the class data to the settlement administrator (20 business days), the settlement administrator to prepare the mailing of the Class Notice (20 business days), Settlement Class Members to opt-out or object (45 calendar days, plus 15

calendar days for re-mailed notices), the settlement administrator to provide a final list of Opt-Outs (10 business days), Defendant to determine whether to exercise its potential revocation rights (10 business days), and Plaintiff to file her Motion for Final Approval after expiration of the exclusion/objection period (28 calendar days before the hearing date).

**IV.  CONCLUSION**

For the foregoing reasons, and as further discussed in Plaintiff's previously filed Motion for Preliminary Approval, and supplemental brief thereto, Plaintiff respectfully requests that this Court grant preliminary approval of the settlement.

DATED:  January 18, 2022                    DIVERSITY LAW GROUP


                                            By:  /s/ Larry W. Lee
                                                 Larry W. Lee
                                            Attorneys for Plaintiff and the Class